Lynch and Pollard *vs.* Pace.

credited upon said older *fi. fas.*, as Sessions had claimed it should be, no money having been paid in on said bid.    This action of the Court is here for review.

W. D. KIDDOO, by A. HOOD, for plaintiff in error, said the money should have been paid into Court:    Phillips *et al.*, vs. Behn & Foster, 19th Ga. R., 298.    An agreement not to enforce a judgment is binding:    Chambers vs. McDowell, 4th Ga. R., 185; 24th Ga. R., 288; 30th Ga. R., 731.

FIELDER & JONES, for defendant in error.

CHARLES LYNCH and J. L. POLLARD, plaintiffs in error, *vs.* BAZIL PACE, defendant in error.

An application was made to the Ordinary of Randolph county for the benefit of a homestead, as provided in the Act of 1868, and there was a demurrer to the application, on the ground that the applicant did not allege therein that he was "*the head of a family*, or *guardian*, or *trustee of a family of minor children*," which demurrer was over-ruled:    *Held*, that the Court below erred in overruling the demurrer to the application of the party claiming the benefit of the homestead, as the same did not affirmatively show that he was entitled to a home-stead under the provisions of the Act.

*Held, also*, that when an appeal is taken from the judgment of the Ordinary in allowing or refusing a homestead, as provided by the Act of 1868, the whole case is brought up by the appeal, and either party may, in the appellate Court, raise any objections or make any motion in relation thereto, authorized by law, as in other appeal cases from the Court of Ordinary.

Homestead. Pleading. Appeals.  Before Judge HARRELL. Randolph Superior Court.    May Term, 1869.

Pace petitioned the Ordinary of said county to have a homestead assigned him under the Act of the 3d of October, 1868. The petition made no averments whatever as the basis of his application. Counsel for plaintiffs in error objected to the assignment of the homestead because Pace was not the head of a family. Other objections were made by other creditors. The homestead was assigned. Plaintiffs in error appealed. Upon the appeal trial counsel for plaintiff in error moved to dismiss the application, because it did not show what property or assets Pace had, and which was not included in his schedule, or that Pace was either the head of a family, or guardian, or trustee of a family of minor children. This motion was overruled. Pace's counsel demurred to said objection, filed in the Court of Ordinary. The demurrer was sustained, the Court holding that no such objection could be made in this case on the appeal trial. He further held, that no objection could be then heard, except want of sufficiency or fullness of the schedule, or fraud of any kind, or to dispute the valuation of the property, or the propriety of the survey. Counsel for the plaintiffs in error proposed to prove to the jury that Pace was not the head of a family, nor guardian, or trustee of a family of minor children. This evidence was rejected. These objections being all overruled, the counsel for plaintiffs in error declined proceeding further in the cause, and the Judge directed the jury to find for the applicant.

They now say the Court erred in refusing to dismiss the application, in overruling the demurrer, in restricting them in the objections to be made to the application, in rejecting the evidence offered, and ordering the verdict for the applicant.

Hood & Kiddoo, E. L. Douglass, for plaintiffs in error.

L. S. Chastain, by H. Fielder, for defendant, said the Homestead Act restricted the objections as held by the Judge, and cited Bouvier's Law Dictionary, "Family," for the scope of that word.

WARNER, J.

Inasmuch as the applicant for a homestead did not allege, in his application therefor, that he was "the head of a family, or guardian, or trustee of a family of minor children," the demurrer thereto should have been sustained by the Court below.

When an appeal is taken to the Superior Court, from the judgment of the Ordinary, allowing or refusing a homestead, as provided by the Act of 1868, the whole case is brought up by the appeal, and either party may, in the appellate Court, raise any objections, or make any motion in relation thereto, authorized by law, as in other appeal cases from the Court of Ordinary.

Let the judgment of the Court below be reversed.