Heard *vs.* Downer *et al.*

BENJAMIN W. HEARD, plaintiff in error, *vs.* GEORGE DOW-NER *et al.*, defendants in error.

1. The homestead provision of the Constitution of 1868, is intended to secure from the property of the head of the family a provision for the support of the family, and when a homestead was laid of to and for the use of his family, which at the time consisted of his wife only, and the husband and wife both die, leaving no family but adult children, the homestead reverts to the estate of the husband, and is subject to debts as other property.
2. The 7th section of the Act of 1868 is to be construed in the light of the Constitution and general scope of the Homestead Act, and the words therein used, to-wit: "On her death or intermarriage to be equally divided between the children of the former marriage," are not to be understood as excluding the homestead on the death or intermarriage of the wife, from remaining to the use of any portion of the family still remaining, or if no family remain, from the debts of the person out of whose estate it was taken.

Homestead. Reversion. Adults. Before Judge ANDREWS. Wilkes Superior Court. June Adjourned Term, 1872.

This case arose upon the levy of an execution in favor of Benjamin W. Heard, against John Downer, upon a certain tract of land in the county of Wilkes, which was claimed by George Downer and others. The issue was submitted to the Court upon the following statement of facts:

"In the lifetime of John Downer and his wife, plaintiff obtained judgment against defendant, Downer, upon a debt

contracted prior to the 1st day of January, 1861. John Downer then owned and possessed, in fee simple, the tract of land levied on, which was then subject to the payment of his debts, and also subject at the time of the rendition of said judgment to the same. On the .... day of ......, said John Downer applied for and had duly laid off to him, as the head of a family, (consisting of himself and wife, only,) he having no minor children, the tract of land levied on, claiming the same to be exempt from the payment of his debts, under the Constitution of Georgia of 1868, and the laws of said State, made in pursuance thereof. Afterwards, on the ... day of ......, the wife of said John Downer departed this life, leaving her husband and two children, who were over the age of twenty-one years when said homestead was laid off and set apart. John Downer was in possession of said land at the time of her death, and so continued until the .... day of ......, when he departed this life intestate, leaving the claimants his only heirs-at-law, one of said claimants being one of the children who were over twenty-one years of age when said homestead was laid off, and the other claimant claiming through another of said children."

The Court decided that said land was not subject to the execution of plaintiff in *fi. fa.*, who excepted, and now assigns said ruling as error.

ROBERT TOOMBS; S. H. HARDEMAN, for plaintiff in error.

WILLIAM M. REESE, for defendant.

McCAY, Judge.

The theory of the homestead provision of the Constitution, is to set apart to the sole use of the family of a debtor, what is deemed a support for the family. The Constitution requires the Legislature to pass laws to secure this homestead to the sole use and benefit of the family aforesaid. Obviously, any laws that the Legislature may pass, are to be construed in view of this constitutional provision. The family, and the

family alone, of the debtor, is the object and intent of the homestead. When and while that exists, the homestead exists, and when that ceases, the homestead ceases. During the existence of the family, the Legislature may secure it to the sole use of the family, either by giving it the legal title or by authorizing the appointment of a trustee to keep it for the use of the family.

It is an estate carved out of the estate of the husband, for the use of his family, and is protected from his debts and from alienation by him, and it is an *estate* vested in the family. *Prima facie*, it would seem to follow, that if, at any time or in any manner the family should cease to exist, the reversion would go over to the holder of the fee, since it is a particular estate, taken out of the fee, and set aside for the use of the family, when the purpose of the particular estate fails, the fee would receive back the particular estate.

There are, it is true, some words in the Act of 1868, copied almost *verbatim* from the Code, which create some difficulty. It is provided, by Act of 1868, section 12, "said property so set apart, shall be for the use of the wife or widow and children, during her life or widowhood, and at her death or intermarriage, be equally divided between the children of the former marriage," then living. Amended in 1869.

Literally this provision would make the homestead cease at the death or intermarriage of the wife, and yet it is obvious that the family of the debtor may still exist. He may still live, and his family be still as much within the protection of the constitutional provision, as if she were alive. And even if the husband be dead, and the wife die or intermarry again, the family of the original head may still exist.

This clause is not to be taken literally. When it is said that if the widow or wife intermarry or die, the property shall be divided, etc., the first words of the clause are not to be forgotten, to-wit: that the property is to be for the use of the wife or widow and children.

The words, if she die or intermarry, must be taken to mean if she die or intermarry when she is the sole person constitu-

ting the family. It cannot be supposed that it was the intent of the Legislature to break up the homestead on the death of the wife or intermarriage of the widow. Taking this clause with the Constitution, and construing it in harmony with the general scope of the whole, we are of the opinion that this clause of the Act of 1868, as well as section 2021 of the Code, simply provide that the title of the wife or widow to the use of the homestead ceases when she dies or marries again. That her estate is not an estate of inheritance, but ceases when she ceases to be a member of the family, and subject to the use of the balance of the family so long as it exists, the title goes back to the children of the marriage if the husband be dead. The language is loose, and the draftsman had solely in his mind the disposition of the wife's title in case the family ceased, and the husband was dead and he intended to provide that it should go to the children of the marriage where the law would cast it. But this provision does not say it shall go there free from the debts of the husband. It goes there as other property does subject to the claims against the husband under the statute of distributions.

In our judgment this section only applies when the husband is dead and the family ceases to exist, that so long as the family exists the homestead remains to its use, and if the husband be living when the family ceases the property goes to him by reversion, since the estate carved out is gone, the fee is again perfect.

Judgment reversed.