BENEDICT, HALL & COMPANY, plaintiffs in error, *vs.* JOHN N. WEBB, defendant in error.

1. Property mortgaged in 1870 without any waiver of homestead, being claimed as a homestead in 1871, the mortgagee, who had filed objections, withdrew the same and granted further indulgence, on condition that the homestead be set apart subject to the mortgage, which was done accordingly, and the mortgagor's wife died in a few days thereafter: he having no minor children, the specific homestead right concerning which the parties made their agreement terminated for all time.

2. Afterwards, the mortgagor married again, went into bankruptcy, and, in 1875, procured the same property to be set apart to him by the assignee in bankruptcy, as a homestead: this second homestead, being based on the existence of a new family, is lawful; is unaffected by the agreement touching the first; and, so long as it exists, the property is not subject to levy and sale under the mortgage.

Homestead. Waiver. Mortgage. Before Judge WRIGHT. Upson Superior Court. November Term, 1875.

Report unnecessary.

J. A. COTTEN, for plaintiff in error.

M. H. SANDWICH; SPEER & STEWART, for defendant.

Benedict, Hall & Company *vs.* Webb.

BLECKLEY, Judge.

The debt was contracted without waiver of homestead. The creditor, however, resisted when the debtor sought to have a homestead set apart to him out of the mortgaged property. An adjustment of the controversy took place, and the homestead was set apart, subject to the mortgage. We cannot discover from the record, that the stipulation between the parties embraced any homestead right, other than the one then being asserted. The homestead estate then in question, was not to be superior to the mortgage. That estate depended upon the life of the debtor's wife, she being the only member of his family within the peculiar protection of the homestead law. There were no minor children. When she died, the estate terminated: 47 *Georgia Reports*, 629. The subject in reference to which the parties stipulated went out of existence. All the homestead proceedings had spent their force; and the property was left as if no homestead had been taken. This being so, was the debtor, upon marrying again, restrained by the letter or the spirit of his contract, from asserting the new homestead right which resulted from his again becoming the head of a family? The question is not without difficulty, but our best opinion is that he was not. It seems to us that the two homestead rights were quite distinct; that one of them, and it alone, was the subject of the contract; and that the other was not, in any way, anticipated or provided for. The contract was not general but specific—the homestead then applied for was to be granted, subject to the mortgage. The debtor is not using anything growing out of that grant of homestead, to resist the mortgage. He sets up altogether a new right, and supports it by the assignment of the homestead which he procured to be made in bankruptcy.

Judgment affirmed.