## THE CITY OF EMPORIA V. MISS E. PARTCH, *et al.*

BONDS *for Building Boarding-Houses for Normal School; Rents to Pay Interest on Bonds; Possession of Boarding-House, Conditioned on Payment of Rent.* In 1870, a special act was passed authorizing the city, then town of Emporia, to issue its bonds to the amount of $6,000, "for the purpose of erecting and completing boarding-houses for the use of students of the State Normal School," providing that no such bonds should be issued until the question had been submitted to the qualified electors of the town and approved by a majority vote. The question was submitted to a vote, and lost. Thereafter, another ordinance was passed, submitting the question a second time, with the proviso that there should be paid annually into the city treasury, rents from such buildings sufficient to meet the interest on the bonds. This was approved by the popular vote; the bonds were issued, and out of the proceeds the boarding-houses were built upon lots belonging to the city, and afterward taken possession of and occupied by the Normal School authorities. *Held,* That the latter did not take and could not retain the possession of such buildings except subject to the conditions specified in the ordinance approved by the people, and rent not having been paid for a series of years, the city could recover possession of the buildings.

### *Error from Lyon District Court.*

EJECTMENT, brought by *The City of Emporia* against *Miss E. Partch,* and five others, defendants. Trial at March Term, 1878, of the district court. Findings and judgment for defendants. New trial refused, and *The City of Emporia* brings the case here for review.

*Sterry & Sedgwick,* for plaintiff in error.

*Cunningham & McCarty,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover possession of certain real estate. The case was tried by the court, without a jury, and these are, in substance, its findings:

That the city was and is an incorporated city of the second class; that it is the owner of the premises in dispute; that the defendants do and have, since the 10th day of September, 1877, forcibly detained the possession of said premises from the city; that the possession of the same was duly demanded from the defendants; that after the passage of the act of the legislature known as chapter 31 of the laws of 1870, which provided for the issue of bonds to build boarding-houses for the use of the students of the Normal School, and prior to any action under it by the town of Emporia, the town was duly incorporated as a city of the second class; that after such incorporation, the city called an election under said act, to vote bonds in accordance therewith; that at said election said bonds were defeated; that subsequently the city passed another ordinance under said act, authorizing the issue of $6,000 in bonds of said city, to build boarding-houses for the Normal School, which ordinance was duly ratified by a vote of the electors of said city; that in this ordinance were the following provisions: that the boarding-houses should remain the property of the city, and should be under the control of the State Normal School authorities only so long as they should be used as boarding-houses, and that there should be paid into the city treasury, annually, rents from such buildings sufficient to meet the interest on the bonds; that in September following, the bonds so authorized were issued and sold, and the proceeds used to build two houses upon lots belonging to the city but selected by the executive committee of the Normal School; that upon the completion of the building, about January 1st, 1871, the buildings were taken possession of by the Normal School authorities and the students of such school, and that the said authorities and said students have ever since remained in the possession of said buildings and premises; that previous to June 26th, 1871, there was $138.25 rent paid to the city for said buildings, which is and was the only rent ever paid therefor; that at a meeting of the city council in July, 1872, a resolution was passed, and entered in the records of said city, instructing the committee on city property to *lease to the state* the Nor-

mal School boarding-house buildings for the term of eight years, the state to keep the buildings in repair and insured for the benefit of the city; that such committee never made any report as to how they had obeyed said resolution, and that since that time (July 22, 1872) the city has never taken any other action in relation to said property, except to instruct the city attorney to bring suit to recover the possession of the same; that the board of directors of the Normal School, on August 7, 1872, caused to be entered on its minutes the following, among other proceedings:

"The proposition of the city of Emporia to lease the normal boarding houses at a nominal rent to the state of Kansas for the term of eight years, on condition that the state should keep them in repairs and insured for the benefit of the city, was adopted." That the proposition referred to in this resolution was that of the city of Emporia, by its resolution of July, 1872; that no lease in writing was ever executed.

That the board of regents of the Normal School have kept said buildings in repair up to the present time, and have insured the same for $3,500, for the benefit of the city, from January 1st, 1871, up to November 4th, 1873, and from June 10th, 1874, up to June 25, 1878; that the city has never been in the actual possession of said property since the completion of said buildings thereon, but the same has been in the actual possession of the professors and students of the Normal School ever since said time; that since July 22d, 1872, it has not been possible to rent said buildings for sufficient to pay the interest on the bonds issued to build.

Upon these facts, the court found for the defendants. The plaintiff filed its motion for a judgment upon the facts found, which was overruled and excepted to. It then filed its motion for a new trial, which was also overruled and excepted to, and a judgment entered for the defendants for costs.

Did the court err in its conclusions? That the title to the property is in the city, is shown. Whether the act under which the bonds were issued was valid or not, the city did issue its bonds and receive the proceeds. The money realized was its money, and that money was used in building this boarding-house. The right of possession follows this ownership, unless shown to have been divested by some act or contract of the city. Two things are relied on: First, it is said

that the act of 1870 furnishes the only authority the plaintiff had in the matter, and it prescribed no conditions upon which the use of the boarding-house should pass to the Normal School authorities, and therefore the city could attach none.   Upon this, counsel for the defendants in error say:

"We most emphatically deny that the voters of the city of Emporia had any right to incorporate any conditions or limitations into the terms of that act.   The city, in its corporate capacity, was authorized to issue its bonds to erect the house in controversy for the *use* of the students, first having submitted the proposition to the voters on the simple naked question, 'For, or against, bonds to build boarding-houses,' and the council could not incumber it with any 'guarantees;' and under this statute, authorized by such a vote, the only structures that could be erected were boarding-houses, for 'the use of the students of the State Normal School.'   Hence, such buildings having been erected, they could only be for the use of such students; hence, such students having such use, the city nor no one else, at least without additional legislative authority, can dispossess them."

We cannot assent to the views above expressed.   Conceding for the purposes of this case, the constitutionality of the act, and the validity of the bonds (and it will be time enough to consider that question when the bonds themselves are in controversy), and still we think the conditions prescribed in the ordinance must be sustained.   No duty was cast upon the town of Emporia by the act, but only a power.   Neither was any duty cast upon the corporate authorities by an affirmative vote, but only an authority.   The naked question of issuing bonds under that act was submitted to the people, and lost. Was the power granted by the act exhausted by such vote? There are authorities to that effect.   If it was, then the subsequent vote and issue were unauthorized by it.   If it was not, and the question could again be submitted under the act, it was submitted only as coupled with the guaranties.   That is the only manner in which the town ever assented to or granted authority for the issue of the bonds.   Counsel would sustain the authority and reject the conditions.   But the town refused the authority without conditions; it granted it only

upon conditions; and the true rule is, that the conditions are valid, or the authority never passed. If no conditions were lawful, then the submission under the act was against the bonds, and the last submission was without authority of and outside the act.

So that under any view which may be taken, it seems to us that the claim of counsel cannot be sustained.

If the act were unconstitutional and the bonds void, then the Normal School authorities could make no valid claim to the perpetual use of the buildings erected with the proceeds of such bonds. If the act were constitutional, but limited the question which might be submitted under it to that of a naked unconstitutional grant of authority to issue bonds, then the only time the question was so submitted such authority was refused, and the Normal School authorities, having accepted the buildings erected by the plaintiff in pursuance of the authority granted by the vote of its citizens, cannot now retain the buildings and repudiate the conditions attached to the grant.

With this view of the first question presented, it is unnecessary to discuss the other, though we may say in passing that it does not seem to us that any valid lease is shown.

The findings not being excepted to by the defendants, it becomes our duty to direct the proper judgment to be entered upon them; and the judgment of the court below will be reversed, and the case remanded with instructions to render judgment in favor of the plaintiff for the possession of the premises, and for costs of suit.

All the Justices concurring.