### DENDY *vs*. GAMBLE & COPELAND.

An indigent sister and her children, though mainly dependent on the applicant for support, do not constitute a family for whose benefit he can take a homestead. To constitute one head of a family within the meaning of the homestead clause of the constitution of 1868, there must be some legal obligation on him to support its members.

Homestead. Before Judge CRAWFORD. Harris Superior Court. October Term, 1879.

Reported in the decision.

BLANFORD & GARRARD, for plaintiff in error.

BLOUNT & CAMERON; JOHN PEABODY, for defendants.

WARNER, Chief Justice.

This case came before the court below on an appeal from the ordinary of Harris county, allowing to the applicant a homestead exemption under the constitution of 1868. The applicant in his petition alleged that he was the head of a family consisting of his sister, a widow about thirty-eight years old, and her three children, aged seventeen, fifteen and seven years old, respectively, who are indigent and mainly dependent upon petitioner for support. The creditors of the applicant demurred to his petition for a homestead on the ground that it did not show him to be such a " head of a family " as the law contemplates, to entitle him to a homestead. The court sustained the demurrer and dismissed the application, whereupon the applicant excepted.

The applicant was under no legal obligation to support the persons whom he claimed to be his family, and therefore he was not entitled to a homestead as the head of such family. 40 *Ga.*, 173; 41 *Ga.*, 153; 42 *Ga.*, 405. If the applicant could obtain a homestead as the head of a family

of persons whom he was not legally bound to support, then he might enjoy it for his own benefit exclusively, and refuse, with impunity, to support those for whose benefit he claimed to have obtained it.

Let the judgment of the court below be affirmed.