### HENRY BETTS *et al.* v. MILTON MILLS.

(Filed June 15, 1899.)

1. HOMESTEAD—*Abandonment*. There is sufficient evidence in this case, as appears in the statement of facts, to justify the court in holding that the plaintiff in error, who claimed the property under execution, as his homestead, had abandoned the premises, even if it should be held that he was, under the description of the statute, "the head of a family."

2. DECEDENTS—*Estates of—Survivor*. The declaration of section 1300 of the Statutes of 1893, concerning the "administration of estates of decedents" by the probate court, that, "upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law," does not support the contention that any single survivor of the family may be entitled to the possession of the

property as a homestead, unless such survivor is "the head of a family."

3. HEAD OF FAMILY—*What Constitutes.*—In order to constitute a family, there must be a collection of persons living together. One person cannot constitute a family, nor the head of a family. In order to constitute "the head of a family," he who claims a homestead as exempt on that ground must be able to show that there are more than himself, who together form the family, and who are legally dependent upon him, and whom he is legally obliged to care for.

4. APPEAL—*Evidence—Conclusions—Not Disturbed, When.* This cause was heard by the court below without a jury, oral testimony as well as affidavits being produced; and, there being evidence reasonably tending to support the conclusion, this court will not disturb its judgment.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*J. S. Jenkins* and *J. L. Brown,* for plaintiffs in error.

*S. A. Steward* and *J. Milton,* for defendant in error.

Suit by Milton Mills against Henry Betts and others to foreclose a mortgage. From an order denying the motion of defendant J. J. Lowe to set aside the sale, defendants bring error. Affirmed.

STATEMENT OF THE CASE.

The question in controversy in this case arose in a proceeding in the district court of Oklahoma county to foreclose a mortgage upon lot 18, block 53, of Oklahoma City. After judgment for debt due from the defendants (plaintiffs in error here,) and for foreclosure, the property was on the 5th day of February, 1898, seized upon execution, advertised, and sold as the property of Lowe, and bought in by Mills, the judgment creditor. The usual motion was made by Mills for confirmation of sale, and a motion

was filed by Lowe to set aside the sale for the reason that the real estate sold was the debtor's homestead. Evidence, both oral and written, was adduced upon the hearing of the motion, by the plaintiff and defendant; and upon final hearing thereon the court overruled the motion to set aside, and confirmed the sale, and ordered the deed to be made, which orders were excepted to, and the case brought here.

Opinion of the court by

McATEE, J.: The sole question before the trial court was whether the lot, at the time of. the levy by the sheriff, was exempt by reason of being the homestead of Lowe. Evidence was offered in behalf of the plaintiffs in error to show that Lowe located upon the lot in question in April, 1889, and acquired title thereto by a deed from the government; that he built a house, and otherwise improved it, and resided upon it with his wife, who subsequently lost her health; that he was absent from the lot temporarily, and at various times, until the 7th day of March, 1896, when his wife died; that he has at various times rented the premises temporarily; that he never at any time abandoned it, but has at all times intended to make it his permanent home; that he is now, at the time of the hearing of this case, (April, 1898,) occupying the house on the said lot, and claims the same as his homestead, and had never acquired title to any other homestead; is not the owner of any other land; and that since the death of his wife he has spent the greater portion of his time in the Chickasaw Nation, but did not reside there with any intention of abandoning his homestead, but on account of the dull times in Oklahoma City, and the death of his

wife, he removed from there temporarily, and worked at his trade; that some time in the year 1893 he, at various times, expressed his intention of making the lot his permanent home, and upon one occasion refused to sell it, on that account. Evidence was adduced on behalf of the defendant in error to show that Lowe left the lot some time in the fall of 1893; that since that time it has been rented a part of the time, and a great deal of the time has been idle, not occupied, the doors broken down, the windows out, and nailed up; and that recently, since this term of the court began, a new window has been put into it; that since this term of court began, April, 1898, Lowe came back to the house, placed a cot in it, and was there a few nights, and that the cot and other property were then taken away; and that he has no children. No evidence was adduced that he had any parents, brothers, sisters, or other relatives.

It is contended for the plaintiffs in error that Lowe is entitled to the possession of the property, and to have it exempt from seizure under execution, as a homestead exempt to the head of the family, under section 2844 of the Statutes of Oklahoma of 1893, which provides that "the following property shall be reserved to the head of every family residing in the Territory, exempt from attachment or execution, and every other species of forced sale for the payment of debts, as hereinafter provided." There is evidence in this case sufficient to justify the court in holding that the plaintiff in error Lowe had abandoned the premises, even if it should be held that he was under the description of the statute, "the head of a family."

From section 1300 of our statute concerning the administration of estates of decedents by the probate

court, which provides that, "upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law," * * it is argued that the homestead exemption continues as long as there is a constituent part of the family. The clause referred to does not support the contention, but, rather the contrary, since the provision is that the occupancy of the survivor shall continue "until it [the homestead] is otherwise disposed of according to law." The terms of the statute upon which the homestead exemption must stand are those of sections 2844 and 2845, and the provisions are made of a homestead exemption only "for the head of every family." And the point now to be determined in this case is whether the plaintiff in error Lowe, having lost his wife, and standing solitary and alone without children, brothers, sisters, or other persons living in the family with him, or dependent upon him, is entitled to be regarded as the head of a family. In order to constitute a family, there must be an obligation upon the head of the house to support the others, or some of them, and on their part a corresponding state of dependency. (*Greenwood v. Maddox*, 27 Ark. 648; *Harbison v. Vaughan*, 42 Ark. 539.)

It is not sufficient that the applicant is the supporter of a family. He must be supporting those whom he is legally obliged to care for, and it has been expressly held that one who has a housekeeper, yet has no family except servants, is not such a head of a family as is contemplated in the homestead laws. (*Dendy v. Gamble*, 64 Ga. 528.)

And in Illinois it was held that the essential requisite was that there be a family as beneficiaries of the law.

And it was declared in *Rock v. Haas*, 110 Ill. 528, that under the homestead act of that state a family is a collection of persons living together; hence one person cannot constitute a family. (*Kitchell v. Burgwin*, 21 Ill. 40; *Deere v. Chapman*, 25 Ill. 612.)

A "family" is defined to be "the collective body of persons who live in one house, and under one head or manager; a household, including parents, children, and servants," or as "the group comprising a husband and wife and their dependent children." (Webst. Int. Dict.)

And it has been again defined as "the collective body of persons who form one household, under one head, and one domestic government, including children and servants, and, as sometimes used, even lodgers or boarders;" and, further, as "parents, with their children, whether they dwell together or not." (Cent. Dict.)

And it was said in *Zimmerman v. Franke*, 34 Kan. 654, 9 Pac. 750, that "the word 'family,' as used in the exemption laws, we think, embraces a collective body of persons, generally relatives and servants—a household living together in one house or curtilage—and does not embrace separate individuals who have no common home."

If we should take into consideration the whole evidence, it is our conviction that the trial court was correct in refusing to the plaintiff in error the exemption claimed under the statute; but inasmuch as the court below heard the case, not only upon affidavits, but upon oral testimony, and there being evidence reasonably tending to support its conclusion, this court will not disturb the judgment.

It was declared in *Winstead v. Standeford*, 21 Kan. 202, that "where a case is tried by the court without a jury, and a general finding of facts is made upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the supreme court upon all doubtful and disputed questions of fact."

And it was held in *Hobson v. Ogden's Ex'rs*, 16 Kan. 388, that "the finding of a court upon a question of fact is as conclusive in this court as the finding of a jury, and where there is testimony clearly tending to establish the fact, and sustain the finding, although indirect and circumstantial, this court will not reverse the finding, even though the only direct testimony is against the finding."

The judgment of the court below will be affirmed, and the order made by the trial court will be enforced, and the sale confirmed, and the sheriff directed to make a deed to the purchaser.

All of the Justices concurring.