### LENA et al. v. CLINKENBEARD.

No. 24634.   April 23, 1935.

H. H. Edwards, D. H. Linebaugh, and Tom C. Greer, for plaintiffs in error.

Cornelius Hardy and John T. Cooper, for defendant in error.

PER CURIAM. This action was originally commenced in the superior court of Seminole county, Okla., resulting in a judgment and decree in favor of plaintiff for damages against the defendants, Martha Lena and Lillie Lena, in the sum of $4,500. On the 19th day of September, 1932, upon request of the plaintiff, L. O. Clinkenbeard, an execution was issued out of the superior court of Seminole county, which was levied upon the west half of the northwest quarter of section 26, township 7 north, range 8 east, situated in Hughes county, Okla., to satisfy said judgment; that on the 17th day of September, 1932, Martha Lena filed in said cause her motion to quash levy of execution, claiming the lands levied upon to be her homestead and exempt from execution; that said motion contained other grounds which are not under consideration in this appeal, and the sole question raised on this appeal is as to the homestead character of the lands levied upon. Said cause came on for trial upon the issues joined, by agreement of the parties, on the 22nd day of October, 1932, and the court, after hearing oral testimony, found that the motion of Martha Lena should be overruled, which order was excepted to and said cause brought to this court for review. The defendant below, and plaintiff in error herein, contends that she acquired the lands upon which the execution was levied, in February, 1928, as a home, and that after renting the land to George Gray for about a year, she moved upon same, together with her son, Lillie, and his wife; that in August, 1931, she rented the place to Bill Odom on a crop rental basis; that she went at the request of another of her children to live temporarily with them, storing her furniture in three rooms of the house located on the land involved herein.

The evidence shows that Martha Lena, in 1929, was a widow, and that at the time of the levy of this execution, all of her children were married and of legal age; that none of the children, except Lillie, lived with her on the lands in question, and that Lillie moved upon said lands together with his wife, and lived with plaintiff in error, farming the lands and paying the rent by means of a portion of the crops; that Lillie Lena was an able-bodied man, not incapacitated, and that his mother, Martha Lena, was a full-blood Seminole Indian, owning her allotment of lands in addition to the lands involved herein, together with valuable improvements thereon, placed there upon her request subsequent to the acquiring of the lands involved herein for the purpose of making her home thereon; that the evidence also shows that Lillie Lena was the owner of an allotment of land by reason of his Indian blood.

Defendant in error claims that the homestead character never vested in the lands involved herein, which, at the time of the levy of execution, was the only unrestricted property owned by the plaintiff in error, and defendant in error further contends that plaintiff in error was not the head of a family as contemplated by section 1642, O. S. 1931, and that if such homestead character ever vested in the lands, the same was abandoned as a homestead by the subsequent acts of the plaintiff in error in moving therefrom and in applying for and making improvements upon her homestead and surplus lands, and moving thereon and living, having rented out the lands in Hughes county upon which the execution was levied.

Section 1642, O. S. 1931, is as follows:

"The following property shall be reserved to the head of every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: First. The homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife."

The courts have construed the term "head of the family," and the construction placed thereon leads us to believe that in order to constitute a family or the head thereof so as to entitle the head of the family to the benefit of this homestead act, there must be some obligation upon the head of the house to support the others, and on the part of the others some state of dependency. If the party claiming the homestead feature is not in any manner obligated to support any other member of the family, and the other members of the family are

not in any manner dependent upon that party, the party cannot be said to be the head of the family.

Rolater v. King, 13 Okla. 37, 73 P. 291, in the body of the opinion, quoting from a recognized text, had the following to say:

"In the American & English Encyclopedia of Law (2d Ed.) vol. 12, page 90, the rule is thus stated: 'It is very generally held that, to constitute the head of a family, within the purpose and intent of the exemption laws, there must be at least a condition of dependence on the part of the other members upon the head, and a legal or moral obligation on the part of the head to support them, and that a mere aggregation of individuals is not enough'."

It is the opinion of the court that Martha Lena was not the head of a family as contemplated by our exemption statute, and that she is not entitled to claim the said lands upon which execution has been levied herein as exempt to her. This conclusion we believe is amply supported by a large number of the decisions of this court, a few of which are: Rolater v. King, supra; Betts v. Mills, 8 Okla. 351, 58 P. 957; Greenshaw v. Brown, 96 Okla. 11, 219 P. 934; Wineblood v. Payne, 129 Okla. 103, 263 P. 669.

The said plaintiff in error not being entitled to establish a homestead, her lands levied upon would be subject to execution. The general finding of the court denying the motion to quash the execution was generally against the plaintiff in error. This finding could be sustained upon either of two grounds: (1) That the homestead feature never attached to the lands; (2) that if such homestead feature had attached, the same had been abandoned by plaintiff in error. The court below heard the evidence, saw the witnesses, and heard the argument of counsel, and was more clearly advised as to the facts than this court, and there being a large amount of evidence reasonably tending to support the findings and conclusions of the lower court, this court will not disturb his judgment upon appeal. This case was tried by the court without a jury, and a general finding of fact made against plaintiff in error, and such a finding by the lower court is a finding of every special thing necessary in order to sustain the general finding, and is conclusive in the Supreme Court upon all doubtful and disputed questions of fact. It was held in Hobson v. Ogden, Ex'rs, 16 Kan. 388:

"The finding of a court upon a question of fact is as conclusive in this court as the verdict of a jury, and where there is testimony clearly tending to establish the fact and sustain the finding, although indirect and circumstantial, this court will not reverse the finding, even though the only direct testimony is against the finding."

This quotation taken from the Kansas case was approved as to the general statement therein contained, in the case of Betts v. Mills, 8 Okla. 351, 58 P. 957, along with a large number of other cases. The order of the court denying the motion of plaintiff in error to quash the execution was proper, and the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. B. Campbell, John L. Arrington, and John T. Craig in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Campbell, and approved by Mr. Arrington and Mr. Craig, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.