LETTS, Judge.
This is an appeal from a ruling that a divorced man, who pays $1,000 a month alimony, which constitutes the sole support of his ex-wife, is entitled to the exemption of wages from garnishment under § 222.11 Fla.Stat. (1975). We affirm.
The appellant refers to several cases holding that a divorced man, with no minor children to support, is not the “head of a family.” Anderson v. Anderson, 44 So.2d 652 (Fla.1950); In Re: Estate of Deem, 297 So.2d 611 (Fla. 4th DCA 1974); In Re: Estate of Van Meter, 214 So.2d 639 (Fla. 2nd DCA 1968), affirmed 231 So.2d 524 (Fla.1970); and Jordan v. Jordan, 100 Fla. 1586, 132 So. 466 (1931). However, all of these cases can be factually distinguished from the one at bar. Thus in Anderson the ex-husband was seeking to establish homestead exemption on his real estate against a claim for support by his minor children. Likewise in Deem and Van Meter the opinions were interpretating the homestead status of real estate owned by deceased ex-husbands relative to the inheritance thereof. Finally in Jordan the court was considering whether a separated husband whose children no longer lived in his home, could continue to be classed as the head of the family and be thus restricted as to alienation of his residential real estate.
None of the foregoing cases concern themselves with the garnishment of an ex-husband’s wages when he provides the sole support for his ex-wife and we are of the opinion that for this purpose he should come within the purview of § 222.11 Fla. Stat. (1975). In so holding, we recognize a recent case from the Second District which, by inference, might be construed to suggest a contrary result. See Busot v. Busot, 354 So.2d 1255 (Fla. 2nd DCA, filed February 10, 1978). Nonetheless, we choose to look to the obvious purpose of § 222.11 which is to prevent the families of debtors from becoming public charges. As was said in Elvine v. Public Finance Co., 196 So.2d 25 (Fla. 3rd DCA 1967),
Exemption statutes should be liberally construed in favor of the debtor. The very purpose of the statute is to preserve to the unfortunate debtor and his family a means of living without becoming a charge upon the public. See Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Farland Loan & Savings Co. v. Pittman, 108 Fla. 442, 146 So. 554 (1933); Slatcoff v. Dezen, Fla.1954, 76 So.2d 792.
*1008 To us it makes little difference whether the wage earner is residing in the same house with a wife and/or family or whether he is living elsewhere in a divorced status. Rather it is the obligation to support that family, and their dependency on him, that should control, not the aggregation of all the parties under one roof, in a state of connubial bliss. See Lena v. Clinkenbeard, 172 Okl. 6, 44 P.2d 2 (1935). For the purpose of support, under the facts of this case, the ex-husband is still, by the divorce court’s command, the principal breadwinner, and as such is very much the financial head of a family.
AFFIRMED.
CROSS, J., concurring.
MOORE, J., dissenting, with opinion.