387 So.2d 960 (1980)
Janet KILLIAN, Petitioner,
v.
Robert P. LAWSON, Also Known As Robert P. Lutman, Respondent.
No. 55406.
Supreme Court of Florida.
September 11, 1980.
*961 Paula S. Gold of Baskin & Sears, Boca Raton, for petitioner.
Shepard Lesser of Lesser, Lesser & Daniels, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, a judgment creditor of the respondent appealed an adverse trial court ruling that she could not garnish the respondent's wages. The Fourth District Court of Appeal affirmed[1] and certified the following question:
Whether a divorced man, who pays $1,000 a month alimony, which constitutes the sole support of his ex-wife, is entitled to the exemption of wages from garnishment under section 222.11, Florida Statutes (1975).[2]
Pursuant to article V, section 3(b)(3), Florida Constitution (1972), we have accepted jurisdiction.
When the petitioner instituted garnishment proceedings against his wages, respondent claimed a statutory exemption as head of a family under section 222.11, Florida Statutes. Respondent, a divorced man without minor children, is under a legal duty to support his ex-wife by paying her one thousand dollars ($1,000) per month alimony. This alimony is the former wife's only income.
Killian contends that Lawson is not a head of a family and cites numerous cases defining "head of a household" for purposes of the homestead forced sale exemption contained in article X, section 4, of the Florida Constitution. See Anderson v. Anderson, 44 So.2d 652 (Fla. 1950); In re Estate of Deem, 297 So.2d 611 (Fla. 4th DCA *962 1974); In re Estate of Van Meter, 214 So.2d 639 (Fla. 2d DCA 1968). Florida's homestead exemption, however, has been characterized as a legal chameleon. Crosby and Miller, Our Legal Chameleon, The Florida Homestead Exemption, 2 U.Fla.L.Rev. 12 (1949). "Head of a household" may mean one thing for one purpose and something else for another purpose. In determining the meaning of family headship, the courts of this state have adopted two alternatives by which a person claiming exemption must show either: (1) a legal duty to maintain arising out of the family relationship at law; and/or (2) continuing communal living by at least two persons with one person recognized as being in charge. Solomon v. Davis, 100 So.2d 177 (Fla. 1958); Beck v. Wylie, 60 So.2d 190 (Fla. 1952); Heard v. Mathis, 344 So.2d 651 (Fla. 1st DCA 1977); Brown v. Hutch, 156 So.2d 683 (Fla. 2d DCA 1963). Respondent's legal duty to support his ex-wife through alimony payments falls within the first alternative set out above.
A husband has a common law duty to support his wife. Contractors Contract NOY 5948 v. Morris, 154 Fla. 497, 18 So.2d 247 (1944). When alimony or support money is awarded, this duty to support survives dissolution of marriage because public policy requires the doing of that which in equity and good conscience should be done. Brackin v. Brackin, 182 So.2d 1 (Fla. 1966). As this Court has noted, the purpose of alimony is to prevent a dependent party from becoming a public charge or an object of charity. Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964). Exemption statutes serve the same purpose and should be liberally construed in favor of a debtor so that he and his family will not become public charges. Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Elvine v. Public Finance Co., 196 So.2d 25 (Fla. 3d DCA 1967).
A wage earner need not reside in the same house with his wife and/or children to remain the head of a family. Instead, it is the obligation to support, and dependency on that obligation, which should control. See McGookey v. Winter, 381 Ill. 516, 46 N.E.2d 84 (1943); Lena v. Clinkenbeard, 172 Okla. 6, 44 P.2d 2 (1935). In the instant case, respondent's alimony payments constitute his former wife's sole means of support. Even though divorced, respondent must, by court order, continue to support his ex-wife. This duty arose out of a family relationship and makes him the financial head of a household. We agree with the district court and hold that respondent is entitled to the exemption provided by section 222.11.
Affirmed.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which BOYD, J., concurs.
ALDERMAN, Justice, dissenting.
I dissent for the reason so succinctly stated by Judge Moore in his dissent, wherein he said:
[T]here can be no head of a family when there is no family. If Section 222.11, Florida Statutes (1977), is to be expanded to provide an exemption for those divorced husbands who are required to support their former wives then I believe this to be the prerogative of the Legislature... .
362 So.2d at 1008.
Accordingly, I would quash the decision of the district court.
BOYD, J., concurs.
NOTES
[1] Killian v. Lawson, 362 So.2d 1007 (Fla. 4th DCA 1978).
[2] § 222.11 provides as follows:

222.11 Exemption of wages from garnishment. No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.
We note that the Consumer Credit Protection Act provides that only a portion of a wage earner's disposable earnings is subject to garnishment. 15 U.S.C. § 1673. It should also be noted that the federal statute does not prohibit additional protection from garnishment under state law. 15 U.S.C. § 1677.