**In re Eric GREN, Debtor.**

**Bankruptcy No. 80–01374–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Feb. 9, 1981.

Stuart A. Young, West Palm Beach, Fla., for debtor.

Irving Gennet, Boca Raton, Fla., trustee.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has objected to the debtor's claim of exemption in a residence and $180 personal property. (C. P. No. 6). The basis of the objection is that the debtor was not the "head of a family" on October 22, 1980, the date the petition was filed. The parties were heard on January 20, 1981.

The facts are simple and undisputed. The debtor was married in 1973. In July, 1980, three months prior to the filing of the petition, the debtor's wife left home. The home, title to which is exclusively in the debtor's name, had been jointly occupied as a marital residence for ten months. The debtor continues to live in the home alone. On one or two occasions after the wife's departure, the debtor testified that he paid her $20 to $40. He has paid her nothing since the petition was filed. The debtor has no children nor other dependents.

Article 10, § 4, Florida Constitution, entitles the "head of a family" to an exemption in the residence of the owner or his family and $1,000 personal property. The debtor claims the requisite family headship status on the basis of a legal duty to support his wife. The trustee argues that since the debtor lives alone and supports only himself, he is not head of a family.

A wife's departure will not deprive a home of its status as homestead so long as the head of the family is not only obligated to, but actually supports the dependent wife. *Monson v. First National Bank of Bradenton*, 5 Cir. 1974, 497 F.2d 135, 139. Although the debtor has paid his wife some money, I find that he does not actually support her. Furthermore, in *Killian v. Lawson*, Fla.1980, 387 So.2d 960, 962, a case cited by the debtor and upon which he relies, the court, in concluding that an ex-husband who made alimony payments which constituted his former wife's sole means of support was head of a family, stated:

"It is the obligation to support, *and dependency on that obligation*, which should control." (Emphasis supplied)

The debtor has failed to show that he supports his wife or that she is dependent upon him for support. I conclude, therefore, that the debtor is not the head of a family.

For the foregoing reasons, the trustee's objection is sustained and the debtor's claim of exemption is denied.