Becker v. Langford.

## G. BECKER v. H. LANGFORD.

ATTACHMENT — *Motion to Dissolve — Burden of Proof.* On the hearing of a motion to dissolve an attachment in a case wherein the defendant has filed an affidavit denying the grounds for the attachment, the burden of proof is on the plaintiff, who procured the attachment to issue. The case of *McPike & Fox v. Atwell,* 34 Kas. 142, cited, and approved.

### Error from Brown District Court.

BECKER brought an action against *Langford,* and at the beginning thereof filed an affidavit for an order of attachment, which contained nine grounds. On October 12, 1886, the defendant filed a motion to dissolve the attachment which had been granted, "because the grounds alleged in plaintiff's affidavit are each and every one untrue;" and on the same day defendant also filed his affidavit denying the grounds for attachment alleged in the plaintiff's affidavit, and stating that the same are each and all untrue. A hearing was had, and on October 30, 1886, the district judge sustained the motion and dissolved the attachment. The plaintiff brings the case here.

*J. T. Allensworth*, for plaintiff in error.
*Jackson & Royse*, for defendant in error.

Opinion by SIMPSON, C.: The error alleged in this case is the order of the district judge at chambers dissolving an attachment. The affidavit to procure the order of attachment alleged nine grounds for its issue, but as to many of them there is no evidence. The defendant filed a motion to dissolve, because the grounds alleged in the plaintiff's affidavit for attachment are each and every one untrue. On the same day, the defendant filed his affidavit denying the grounds for attachment. The motion to dissolve was heard at chambers, and sustained.

The first complaint made is, that the judge ruled that the burden of proof was on the plaintiff, on the motion to dissolve. The latest case in this court that we can now call to mind, on this question, is that of *McPike & Fox v. Atwell*, 34 Kas. 142. As the ruling of the judge was in accordance with the declaration of this court, it seems the ruling must be sustained.

The second is, as to whether the title to the team, harness and buggy passed to Mrs. Langford at a sale of this property under a chattel mortgage, or not. There is some conflict of evidence respecting this question of fact, but the judge rendered it in favor of a sale, and we cannot say that this was done erroneously.

The third is, that as the defendant claimed not to be the owner of the property attached, he could not move to discharge it from the lien. He did not move to discharge certain property from the lien of the attachment because he was not the owner thereof; his motion was to dissolve the attachment because the grounds stated were not true. If the attachment is dissolved, the property bound by its levy is released by operation of law. The ruling of the judge was responsive to the motion, and in accord with the showing made by the affidavit.

We see no reversible error, and recommend an affirmance of the order.

By the Court: It is so ordered.

All the Justices concurring.