## W. A. MITCHELL *et al.* v. EDWARD CARNEY *et al.*

ATTACHMENT—*Evidence*—*Dissolution.* On a hearing to dissolve an attachment, when the party against whom the attachment has issued files an affidavit denying the grounds upon which the writ issued, and the party who procured the attachment to issue refuses to offer evidence to sustain it, it is error not to sustain the motion to dissolve then; but when the party who seeks to dissolve the attachment is permitted to introduce evidence tending to disprove the grounds upon which the writ issued, it is the duty of the court to sustain the motion, even if no credit can be given to any or all of the statements of such witnesses.

### *Error from Cheyenne District Court.*

THE opinion states the case. The plaintiffs in error bring here for review the refusal of the court, at the May term, 1887, to dissolve an order of attachment.

*W. B. Ingersoll,* and *S. B. Decker,* for plaintiffs in error.

*Wilson & Hayes,* for defendants in error.

Opinion by SIMPSON, C.: On the 5th day of August, 1886, the defendants in error commenced an action to recover the sum of $377.53 against the plaintiffs in error in the district court of Cheyenne county. At the same time they caused an attachment to be issued against the debtors and levied upon certain property belonging to them. The affidavit for attachment alleges two grounds: the first is, that the defendants have assigned and disposed of their property, to wit, their stock of drugs and their storeroom and lot in Bird City, or a part thereof, with intent to defraud, hinder and delay their creditors; the second is, that the defendants have failed

to pay the price or value of any article or thing delivered, as set forth in said bill of particulars, which by contract they were bound to pay in thirty or sixty days from the date of delivery. On the 9th day of May the defendants filed their motion to dissolve said attachment, which motion contained this allegation, verified under oath by Mitchell: the defendants say that they deny the allegation in said affidavit for attachment, that they, or either of them, have assigned or disposed of their property or any part thereof with the intent to defraud, hinder or delay their creditors. Thereupon this motion came on to be heard by the court, on the evidence of the defendants, the plaintiffs having refused to introduce any evidence. The defendants produced five witnesses who were examined at length and gave a detailed account of the sale of the drug stock, the lot and store-room, to persons whom they claimed had loaned them money; from whom they had bought merchandise; to whom they were indebted for board on other accounts. The creditors who purchased the drug-store stock and lot were also examined. A real-estate agent was examined, and he testified that the price paid for the lot and store-room was about its full value. The plaintiffs again refused to offer any evidence, and the matter was submitted to the court. The motion to dissolve the attachment was overruled by the court, and an exception to the ruling duly taken. The case was then tried on its merits, and a judgment rendered for the plaintiffs for the amount claimed.

The case is here to review the ruling of the court refusing to dissolve the attachment. On the hearing of a motion to dissolve an attachment, in a case wherein the defendants have filed an affidavit denying the grounds for the attachment, the burden of proof is on the plaintiffs who procured the attachment to issue. (*McPike v. Atwell*, 34 Kas. 142; *Becker v. Langford*, 39 id. 35.) When the motion to dissolve was called for hearing in this case, and the plaintiffs declined or refused to introduce any evidence to sustain the attachment, the defendants had the legal right to have the attachment dissolved, and the trial court should have made an order of dissolution. But this

was not done, and the defendants introduced and examined witnesses in that behalf. We do not propose to comment on that evidence at length, but putting it in the strongest light for the defendants in error, and assuming that the trial court did not give the least degree of credit to the statement of any one or all of the witnesses examined, and yet the attachment ought to have been dissolved, because it would then stand one affidavit for, and one against the attachment, and under the rule it must be dissolved. The attachment could not be sustained upon the second cause set out in the affidavit of the plaintiffs to procure an attachment, to wit, that the defendants had failed to pay the price or value of any article or thing delivered, as set out in the bill of particulars, by which contract they were bound to pay in thirty or sixty days from date of delivery. In the first place, it is not a statutory cause for an attachment; and in the second place, the time of payment is indefinite and uncertain.

The court erred in not sustaining the motion to dissolve, and we recommend that its ruling be reversed, and the cause remanded with instructions to sustain the motion and dissolve the attachment.

By the Court: It is so ordered.

All the Justices concurring.