THE STATE OF MISSOURI to use of W. E. SMYTHE, Respondent, v. PATRICK KANE, Appellant.

**St. Louis Court of Appeals, November 11, 1890.**

1. **Exemptions:** HEAD OF FAMILY. An unmarried man, who resides with his mother, paying the rent and household expenses and supporting his mother, is the head of a family. It is not necessary that the head of a family should be under legal obligation to support the other members thereof ; it suffices that he is under a moral obligation to support them, and that he does so.

2. ———: DUTY OF OFFICER TO APPRISE DEBTOR OF EXEMPTIONS. It is the duty of an officer levying an execution to apprise the execution debtor of the extent of his rights of exemption, unless the defendant, by claiming all the property levied upon as exempt, dispenses with the necessity for such notice.

3. **Evidence:** DEATH OF WITNESS AT FORMER TRIAL. *Quære,* whether the testimony of a witness at a trial of a cause is admissible on a subsequent trial of the same cause, merely on proof of his death in the interval between these trials, and without evidence that the party objecting to the admissibility thereof was present at the former trial, and had an opportunity to cross-examine the witness.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge

AFFIRMED.

*Gibson, Bond & Gibson,* for appellant.

(1) Plaintiff was not the head of a family. *Murdock v. Dalby,* 13 Mo. App. 47; *State v. Finn,* 8 Mo. App. 264. (2) The testimony of the witnesses and the circumstances of corroboration establishing the waiver by plaintiff were so complete and cogent that the judgment should not stand. *Reid v. Ins. Co.,* 58 Mo. 421.

*Christian & Wind,* for respondent.

(1) Smythe was the head of the family. Thompson on Homestead & Exemption, secs. 59 and 60 ; *Wade v. Jones,* 20 Mo. 75 ; *Counaughton v. Sands,* 32 Wis. 391 ; *Parson v. Livingston,* 11 Iowa, 226. It was a question of fact, and, as such, submitted to the jury. (2) The burden of establishing a waiver was on defendant, and was submitted to the jury, whose finding is conclusive on this court. There is no evidence that Kane ever did tell Smythe what his exemptions were, as it was his duty to do, under section 2347, Revised Statutes, 1879.

ROMBAUER, P. J.—The suit is one against a constable and his surety on his official bond. The cause of action stated in the petition is that the defendant constable, in levying an execution upon plaintiff's goods, failed to advise him of his right of exemptions under sections 2342, 2343 and 2346 of the Revised Statutes of 1879, and did sell the property, whereby it became lost to the plaintiff, who was at the time the head of a family, and a resident of this state. The defendant's answer contains a general denial, and an affirmative defense to the effect that the defendant constable did notify the plaintiff, before the sale of the goods, of his right of exemptions under the sections above named, and that the plaintiff thereupon waived his exemptions. A trial of the cause before a jury resulted in a verdict for the plaintiff.

The errors assigned are that the evidence fails to show that the plaintiff was the head of a family ; that the verdict is against the great weight of the evidence, and that the court excluded legal evidence offered by the defendant.

The plaintiff gave evidence showing that he, his mother and his brother occupied jointly a flat in the city, the rent and household expenses being paid by the plaintiff. The brother was of age, and was in the plaintiff's employ under a salary, but the mother was

supported by the plaintiff, and kept house for him.    This constituted the plaintiff the head of a family, of which his mother was the other member.    The man who controls, supervises and manages the affairs of a household consisting of several members of a family is the head of a family, even though he be neither husband nor father. *Wade v. Jones*, 20 Mo. 75.    And it is not essential that he should be under any legal obligations to support other members of the family who live with him, provided he is under some moral obligation so to do, and does in fact do it.    The case of *Murdock v. Dalby*, 13 Mo. App. 47, relied on by appellant, simply emphasizes the distinction between the head of a household and the head of a family, in deciding that one who has no other persons living with him than servants and employes, while unquestionably the head of a household, is not the head of a family, as the latter term implies a relation of *status*, as distinguished from a relation created by *contract*.    The first contention of appellant is, therefore, untenable.

The plaintiff gave evidence tending to show that he was never notified of his right of exemption as the head of a family.    The defendant gave no evidence to contradict this, but did give evidence tending to show that the plaintiff was notified, prior to the sale, to claim "his exemption," and he replied:    "No, he did not want any exemption."    There was no evidence whatever adduced by the defendant which would tend to show that plaintiff was advised of the extent of his rights in the premises.    It is the officer's duty so to advise a defendant in an execution ( *Hombs v. Corbin*, 20 Mo. App. 497 ), unless, as was the case in *Brown v. Hoffmeister*, 71 Mo. 411, such defendant, by claiming all the property levied on as exempt, dispenses with the necessity for notice.    The verdict, therefore, is in conformity with the evidence on that point.

We see no error in the ruling of the court in rejecting evidence offered by the defendant.    The evidence,

so offered and rejected, was irrelevant to any issue in the case ; it related to purely collateral matters, and was properly excluded.   There was, perhaps, technical error in admitting the testimony of plaintiff, stating what one Smith, a witness at a former trial of this case, had testified at such trial, on mere proof that the witness was dead, without showing that the defendant was present at such trial, and had an opportunity of cross-examination.   *Breeden v. Feurt,* 70 Mo. 624. But, as the evidence so given was merely in rebuttal, and, in our opinion, the defendant's evidence, even if true, amounted to no defense, this error, if any, was in no sense prejudicial.

The judgment is affirmed.   All the judges concur.