S. L. WILLIAMS v. THE FARMER'S GIN AND GRAIN COMPANY, *a copartnership composed of* F. P. MOSELY and S. M. WILLIAMS.

(Filed June 25, 1903.)

ATTACHMENT—Motion to Dissolve—Practice. When an attachment is procured by the filing of the usual affidavit, and a motion is filed to dissolve the same, controverting the truthfulness of the grounds laid in the affidavit, which motion to dissolve is supported by the affidavit of the defendant or defendants, an issue is thus joined on the question of attachment, and the burden of proof, under such issue, is on the plaintiff to support the ground laid in his affidavit by the preponderance or greater weight of the evidence. When an attachment is procured on the grounds that the defendant is a non-resident of Oklahoma, and a motion to dissolve, supported by affidavit is filed, the question presented is purely one of fact, depending for its determination on the evidence introduced on the motion to dissolve the attachment, and is not a question of law in any sense.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before*
*C. F. Irwin, Trial Judge.*

*J. W. Hocker,* for plaintiff in error.

*C. L. Botsford* and *J. F. Sharp,* for defendants in error.

Opinion of the court by

GILLETTE, J.: The sole question in this case is as to whether or not error was committed by the trial court in dissolving the attachment which was procured by the plaintiff at the beginning of the case. The action ran against F. P. Mosely and S. M. Williams, and plaintiff alleged that they were partners doing business under the firm name and style of The Farmer's Gin and Grain Company. The attachment affidavit alleges that the defendants are non-residents of the Territory of Oklahoma. The motion to dissolve the attachment controverted the truthfulness of this attachment affidavit and alleged that the defendant, S. M. Williams, never was a member of said copartnership, The Farmer's Gin and Grain Company. The affidavit in support of this motion to dissolve, in addition to stating that the defendent S. M. Williams was not a member of said copartnership, alleged that the members of the said firm were the defendant, F. P. Mosely, and A. R. Williams, wife of the defendant, S. M. Williams.

It appears from the evidence introduced that the defendant, F. P. Mosely, at the time the action was begun, and the attachment sworn out, was living in the town of Purcell, in the Indian Territory, but it was claimed by him that he was only there for the temporary purpose of sending his children to school and having them under the care of his niece, a teacher in the Purcell schools, he being a widower. While he lived in Purcell, his niece kept house for him and he did business

in Lexington, Oklahoma, across the river from Purcell, and spent the greater part of his time there; that the process issued in this case was served on him in Lexington; that he later moved his family from Purcell over to Lexington; that he and his family were in Purcell for temporary purposes only, and that his permanent residence was in Oklahoma when said action was brought, and attachment sued out, and had been for a long time prior thereto and has been since that time.

When an attachment is procured by a plaintiff and the defendant moves to dissolve it, on any legal grounds, and supports his motion by affidavit, the burden of proof rests upon the plaintiff to maintain the grounds of his attachment as laid in his affidavit, by the preponderance or greater weight of the evidence. (*McPike v. Atwell,* 34 Kans. 142; 8 Pac. 118; *Becker v. Langford,* 39 Kans. 35; 17 Pac. 648; *Mitchel v. Conely,* 41 Kans. 139; 21 Pac. 158)

The evidence introduced by the plaintiff was very meager indeed. The affidavit for attachment was sworn to by J. W. Hocker, attorney for the plaintiff, and on the hearing to dissolve the attachment, he was the only witness sworn who gave any material evidence in support of the grounds of the attachment. His testimony was confined to the residence of the defendant, F. P. Mosely, alone. He offered no proof at all, outside of his attachment affidavit, as to the residence of S. M. Williams. The residence of a person is defined to be: "The place to which, whenever he is absent, he has the intention of returning."

We have examined with care, all the testimony introduced and find ample evidence to support the judgment of the trial court in dissolving the attachment. Applications to dis-

solve attachments address themselves to the trial court alone, and this court will not undertake to weigh the evidence presented when there is testimony reasonably supporting the finding as made by the trial court. The record as it comes to this court furnished ample evidence, not only that F. P. Mosely was a resident of Oklahoma when this action was begun and was only temporarily absent, but ample evidence to support the action of the trial court in dissolving the attachment, and the judgment of the lower court will therefore be affirmed.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., and Pancoast, J., absent; all the other Justices concurring.