## CARLE v. BAMBERGER *et al.*

No. 5882.    Opinion Filed June 6, 1916.

(158 Pac. 599.)

HOMESTEAD — Exemption — Right to Claim — "Family." Where a mother and an adult son live together, he receiving the shelter of her roof and contributing to her support from his wages, **held** to constitute a family, capable of claiming a homestead within the contemplation of Constitution, art. 12, sec. 1, and Rev. Laws 1910, sec. 3342.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by William A. Bamberger against Edmonia H. Dautell and another, wherein J. S. Carle was made a party defendant by supplemental petition. From an adverse judgment, Carle brings error. Affirmed.

*C. M. Thorp* and *H. A. Wilkinson,* for plaintiff in error.

*Shirk & Danner,* for defendants in error.

TURNER, J.    On December 4, 1912, in the superior court of Oklahoma county, William A. Bamberger, defendant in error, sued Edmonia H. Dautell, his codefendant in error, and G. F. Dautell, her son, on a certain promissory note and to foreclose a mortgage on certain real estate given to secure the same. Thereafter he filed a supplemental petition, making plaintiff in error, Carle, a party defendant, in which he alleged the existence of a judgment in the district court of Oklahoma county in favor of Carle and against Edmonia, and which judgment, although prior to his mortgage, he says, did

not constitute a lien upon the property described in his mortgage and was inferior thereto, for the reason, he says, the mortgaged property was the homestead of Edmonia. Carle answered by general denial, and by cross-petition set up his lien as superior to that of the mortgage, and prayed for general relief. For answer, Edmonia set up that the property was her homestead. Upon issues joined, there was trial to the court, whereupon Edmonia confessed judgment in favor of Bamberger on the note and mortgage, and the cause was dismissed by Bamberger as to G. F. Dautell, leaving, as the only issue in the case, the question of whether Carle's judgment was a lien upon the property superior to that of the mortgage, and this turned upon the question of whether the property was the homestead of Edmonia. The court found that it was, and rendered judgment accordingly, from which Carle appeals.

There is no dispute as to the facts. The evidence discloses that Edmonia bought the property in controversy, consisting of a dwelling and lots 13 and 14 in Adams subdivision of block 28, in Epworth View addition to Oklahoma City, upon which it stands, in November, 1909, and about a month later took possession of the premises as her home. It was all the real estate she owned. At that time she was a widow, and took to live with her an unmarried son, 26 years old, who supported himself and contributed to the support of his mother, and invalid daughter and her child, to whose support she contributed, and the husband of the daughter, an inpecunious clerk, who also contributed to the support of his invalid wife and child. They had "as much as they could do to make ends meet" while living there, and on August 4, 1911, Carle lodged the judgment in

question against her for $1,684.86 in the district court of Oklahoma county, but the same was not decreed a lien upon the property. In October, 1911, the daughter and her husband left to seek the daughter's health in North Dakota, expecting to return to the home of her mother as soon as she could. About a month thereafter. the mother and son left, also temporarily, to run a rooming house elsewhere in the city, taking with them a part of the furniture, leaving the remainder in the house in charge of a tenant. On April 1, 1912, the mortgage was executed which is sought to be foreclosed.

As there is no contention that the property, if ever the homestead, was abandoned, the question is: Was it the homestead of the family at the date of Carle's judgment? If it was, then no lien attached thereto in virtue of said judgment. Upon the facts stated, the court held that it was. It is assigned that the judgment is contrary to the law and the evidence. The court was right. Const., art. 12, sec. 1, reads:

"The homestead within any city. town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value. *   *   *"

Rev. Laws 1910, sec. 3342, reads:

"The following property shall be reserved to *   * *   every family residing in the state exempt from attachment or execution and every other species of forced .sale for the payment of debts, except as hereinafter provided: First, The homestead of the family, which shall consist of the home of the family, whether the title to

the same shall be lodged in or owned by the husband or wife."

Thus it is seen that whether such was the homestead of the family turns upon the question: Was this group of people so living a "family"? If so, as it was undoubtedly their home, then it is reserved to Edmonia as the homestead of the family. Independent of the relation of the married daughter, her child, and her husband to the others of the group, we think the relation existing between Edmonia and her unmarried son was sufficient to constitute those two a family within the contemplation of the statute. This for the reason that, pursuant to a moral obligation between them, she contributed to his support with the shelter of her roof, and he contributed to her support from his wages. In *Rolator v. King,* 13 Okla. 57, 73 Pac. 291, the court said:

"In *Roco v. Green,* 50 Tex. 483, the court laid down the following general rules to determine when the relation of a family, as contemplated by law, exists: First, it is one of social status, not of mere contract; second, legal or moral obligation on the head to support the other members; third, corresponding state of dependence on the part of the other members for this support."

And again:

"In *State v. Kane,* 42 Mo. App. 253, an unmarried man who supported his mother, who lived with him and kept house for him, was held to be the head of a family."

In keeping with this, 2 Words and Phrases (Second Series) page 462, says:

"To constitute one or more persons, with another, living together in the same house, a 'family,' it must appear that they are being supported by that other in whole or in part, and are dependent on him therefor, and, further, that he is under a natural or moral obligation to

render such support. *Sheehy v. Scott,* 128 Iowa, 551, 104 N. W. 1139, 1140, 4 L. R. A. (N. S.) 365 (citing *Fox v. Waterloo Nat. Bank,* 126 Iowa, 481, 102 N. W. 424)."

In *Sheehy v. Scott, supra,* in the syllabus the court said:

"A mother and an adult son, who is incapable of caring for himself and receives support from her, merely doing chores about the house, constitute a family capable of claiming a homestead."

It would serve no good purpose to cite further in support of a rule of such easy application. We are therefore of opinion that the court did right in holding the property in question was the homestead of the family, exempt to Edmonia, and that the judgment in question did not operate as a lien thereon, and in rendering judgment for Bamberger, foreclosing his mortgage judgment thereon; that is, if the court did right in taking, in effect, judicial notice that the lots in question are in area less than one-quarter of an acre, and hence the premises were her homestead regardless of value, of which there was no proof. We think he did. Rev. Laws 1910, secs. 507, 508.

Affirmed.

All the Justices concur.