**MOTT v. ZIMMERMAN et al.**

No. 14053—Opinion Filed Sept. 23, 1924.

1. **Attachment—Grounds—Burden of Proof —Dissolution.**

The general rule is that where the existence of grounds of attachment is properly denied by the defendant, it throws upon plaintiff the burden of showing the existence of such grounds by a preponderance of the evidence; that where he fails to sustain such burden of proof, the attachment should be dissolved.

2. **Appeal and Error—Questions of Fact— Conclusiveness of Judgment.**

Where a case is tried by the court without the intervention of a jury upon controverted questions of fact, and there is evidence reasonably tending to support the finding and judgment of the trial court, the same will not be disturbed on appeal.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by R. C. Mott against G. E. Zimmerman and others. From judgment in favor of the defendants, plaintiff brings error. Affirmed.

Bailey E. Bell and Frank Hickman, for plaintiff in error.

Kleinschmidt & Johnson, for defendants in error.

Opinion by PINKHAM, C. Plaintiff in error, as plaintiff, filed suit in the district court of Tulsa county against the defendants to recover $312.20, for work and labor performed on and material furnished and placed upon a certain automobile belonging to the defendant G. E. Zimmerman, and sued out an attachment which was levied upon the said automobile.

Thereafter the defendant filed his motion to discharge the attachment upon the grounds: First, that the attachment affidavit is insufficient on its face; and, second, that the alleged grounds set forth in said affidavit are untrue.

This motion was verified.

Thereafter the motion to discharge the attachment came on regularly for hearing before the court.

The court found from the evidence upon the motion to discharge the attachment that the affidavit filed by the plaintiff in that cause is untrue, and that the attachment, return, and order heretofore issued in this cause was wrongfully issued, and that the motion to dissolve the same should in all things be sustained.

Thereafter the court made an order dissolving said attachment, from which order of the court the plaintiff appeals and assigns as error that "the court erred in sustaining defendants' motion to discharge the attachment."

The affidavit for order of attachment states:

"That the defendant is about to remove his property or a part thereof out of the jurisdiction of this court with the intent to defraud his creditors. That the defendant has property or rights of action which he conceals. That said defendant fraudulently contracted the debt and fraudulently incurred the liability and obligation for which this action is brought. That said defendant has failed to pay the price and value of certain articles and things which by said contract he was bound to pay upon delivery. That this action is for money due this plaintiff from said defendant for work and labor and material furnished in repairing a certain Hupmobile car and that the plaintiff has a lien right upon the same."

Plaintiff was permitted to amend the affidavit by adding the clause "that he has sold or is attempting to sell his property for the purpose of evading his just liabilities."

The argument of counsel for plaintiff is that the evidence shows that there was fraud practiced by the defendant in that he sold the automobile in question to his son.

It appears from the evidence adduced on the motion to discharge the attachment that the defendant took his automobile to the plaintiff to be repaired. The repairs were made and the automobile delivered by the plaintiff to the defendant, under an agreement between the parties that the defendant would pay the plaintiff when he received a certain check which he was expecting from an insurance company.

The plaintiff testified that he delivered the car to the defendant on the terms that as soon as the defendant got the check referred to he would turn it over to the plaintiff, that the defendant, after receiving said check, failed to do so, and that his account against the defendant for the repairs on the automobile remains unpaid.

It appears from the testimony of the defendant that when the insurance check was received by him the agent of the insurance company insisted upon applying the check for the amount of the premium on the de-

fendant's insurance on the automobile in question.

The defendant testified that he turned the check over to the insurance agent, expecting to be able to pay the plaintiff later, that he had never at any time refused to pay the plaintiff, and that he was the owner of other property.

The evidence further shows that some three months prior to the levy of the attachment the defendant sold the automobile to his son, that the son resided with the plaintiff and kept the car in question in the garage of defendant's residence, where it was still kept at the time of the hearing on the motion to discharge the attachment.

There is no evidence tending to show that the defendant had removed or attempted to remove the automobile out of the jurisdiction of the court with the intent to defraud his creditors, or that he had rights in action or property which he concealed, or that he fraudulently contracted the debt, or fraudulently incurred the liability or obligation for which the action was instituted, or that the defendant sold or was attempting to sell his property for the purpose of evading his liabilities.

The general rule is that where the existence of grounds of attachment is properly denied by defendant it throws upon plaintiff the burden of showing the existence of such grounds by a preponderance of the evidence; that where he fails to sustain such burden of proof, the attachment should be dissolved (6 C. J. 451; Dunn v. Claunch, 13 Okla. 577, 72 Pac. 142; Williams v. Farmers' Gin & Grain Co., 13 Okla. 5, 73 Pac. 269), even though there is no defense to the action on the merits (6 C. J. 451).

It is earnestly urged by counsel for plaintiff in their brief that the transfer of the car by the defendant some three months prior to the levy of the attachment is sufficient evidence to sustain the attachment.

The plaintiff having voluntarily delivered the automobile to the defendant, the fact that the defendant subsequently sold it to his son would not, we think, be sufficient to sustain the attachment in the absence of evidence of an intent upon the part of the defendant to defraud the plaintiff.

The trial court held that the evidence upon the motion to discharge the attachment was insufficient to sustain any grounds originally laid in the affidavit including the amendment. We cannot say from an examination of the evidence as disclosed by the record that the judgment of the trial court is not supported by the evidence.

Where a case is tried by the court without the intervention of a jury upon controverted questions of fact and there is evidence reasonably tending to support the finding and judgment of the trial court the same will not be disturbed on appeal. Jacobson et al. v. Kull, 94 Okla. 146, 221 Pac. 21.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.