## WINEBLOOD v. PAYNE et al.

No. 17903. Opinion Filed Jan. 31, 1928.

(Syllabus.)

**1. Exemptions—Earnings from Motor Truck Not Exempt.**

A motor truck not being exempt property, the earnings therefrom are not exempt to the owner, a debtor, under the provisions of sections 741 and 1045, C. O. S. 1921, such earnings not being for personal services of debtor.

**2. Same—Exemption of Laborer's Earnings Who Lives with Dependent Kinspeople —Right of Dependent to Assert Exemption.**

The exemptions allowed a debtor under the provisions of sections 741 and 1045, C. O. S. 1921, apply to the personal wage and earnings of a laborer who lives with his sister, brother-in-law, and their family,

and who by his earnings supports the family, they being dependent upon him and having no other source of income, the brother-in-law being wholly incapacitated for labor; and such exemption may be asserted, claimed, and called to the attention of the trial court by a dependent member of such family, a party to the suit.

### 3. Appeal and Error—Modification of Judgment Correct in Part.

A judgment correct in part but based upon an erroneous conclusion by the court, as applied to the law, may be corrected in conformity with the undisputed facts and the law governing the same.

Commissioners' Opinion, Division No. 1.

Error from Dictrict Court, Carter County; Asa E. Walden, Judge.

Action by W. F. Wineblood against A. B. Payne et al. for debt. Garnishment discharged by the trial court. Plaintiff appeals. Affirmed in part and reversed in part.

Sigler & Jackson, for plaintiff in error.

Hodge & Schenk, for defendants in error.

LEACH, C. W. F. Wineblood sued A. B. Payne and Jesse Johnson on an open account, balance due for gasoline and oil bought by defendants from the plaintiff, and prayed judgment against said defendants in the sum of $227.36. On September 11, 1926, plaintiff caused garnishee summons to be issued and served on the Humble Oil & Refining Company and E. P. Shoemaker. Garnishees answered, admitting liability to the defendant Jesse Johnson in the sums of $54.25 and $261.46, respectively. Defendant A. B. Payne filed his verified answer and motion to discharge garnishment, and stated therein that the indebtedness due Jesse Johnson, held by the garnishees, represented the earnings of himself, Payne, for personal services, rendered by himself, Payne, by and through the said Jesse Johnson during the months of August and September, 1926, and that the same is necessary for the maintenance of his, defendant Payne's, family, which is supported by the labor and personal services of himself by and through the said Jesse Johnson, and is therefore exempt under sections 741 and 1045, C. O. S. 1921, and asked that said garnishment proceedings be dismissed and the garnishees discharged.

The plaintiff filed his response thereto, denying each and every allegation in the motion; alleged that the money garnished was not exempt for the reason that said money is not the result of the personal earnings of the defendants, but that said money was earned by the employment of trucks by the defendants in hauling gravel and other material for the State Highway Department, and the defendants used said trucks and hired employees to perform the labor and made a profit upon the use of said trucks and labor of the servants so employed; that the debt sued upon was for oil and gas used by defendant in such hauling.

The cause was tried to the court, who found the funds garnished to be the exempt property of the defendant A. R. Payne, and rendered judgment dissolving the garnishment, from which judgment the plaintiff has appealed, and assigns as error the action of the trial court in admitting certain testimony and overruling motion for a new trial, and that the judgment is contrary to the law and evidence. The error in admission of evidence assigned is not presented in brief, and the issue here is: "Was the money in the hands of the garnishees exempt under our statutes."

The defendant Jesse Johnson was called on behalf of the defendant Payne, and testified that he was a brother-in-law of the defendant Payne; that Payne was sick with tuberculosis and has been confined to his room for about a year; that he operated Payne's truck for him during his illness; that he, Johnson, earned the money garnished by the operation of said truck; that none of it is for anything that Payne individually earned; that he always turned the money he earned over to Payne to take care of Payne's family, consisting of a wife and two children; that he, Johnson, didn't get anything out of it at all except his board and room and what money he had to have to buy a few clothes; that he stayed at Payne's house, and was just running the truck as though he were a son of Payne's; turned his earnings over to Payne; that Payne had no source of income except that derived from the operation of the truck; that the money garnished came in checks payable to himself, and when the checks were cashed he intended to turn the money over to Payne; that the money belongs to Payne although the check came to him; that he was working in place of Payne; that he was paid at the rate of $3 per load for the hauling of gravel and earned about $12 per day; that his individual services as a truck driver, at the customary wage, would be about $2.50 per day; that he worked approximately 30 days per month; that the debt sued upon was contracted with the plaintiff for gasoline and oil used in operating said truck.

E. P. Shoemaker, one of the garnishees, testified that he was a superintendent for the Highway Department; that he had employed Mr. Johnson with Payne's truck; and that the $261.46 due Johnson, which he held, had been earned by Johnson with the truck during the month of August; that the average earning capacity of a man with a truck on the road was between $10 and $12 per day.

This was all the testimony in the case, and it is upon this state of facts that Payne contests the garnishment on the ground that the money was earned by him, Payne, through Johnson, and that it is exempt from garnishment under sections 741 and 1045, C. O. S. 1921.

From an examination of the evidence it will be observed that the money garnished was earned from the operation of a truck, owned by the defendant Payne; that the customary wage for a truck driver, as testified to by the defendant Johnson, was about $2.50 per day; after deducting a reasonable wage for the driver of the truck, the balance of the earnings would be derived from the use of the truck. Section 6604, C. O. S. 1921, specifically excludes from exemption automobiles and other motor vehicles. The truck not being exempt property, and earnings from its use are not exempt, as was otherwise held in the case of an exempt wagon and team in the case of Kuntz v. Kinney, 33 Wis. 512, cited by this court in the case of Barteldes Seed Co. v. Gunn, 61 Okla. 95, 159 Pac. 502. Since the earnings from the use of the truck are not exempt, to that extent the holding of the court was erroneous.

It is specifically provided by sections 741 and 1045, C. O. S. 1921, that the earnings of a debtor, who is a resident of this state, for his personal services within three months next preceding the issuing of garnishment process, cannot be applied to the payment of his debts when it is made to appear by the debtor's affidavit, or otherwise, that such earnings are necessary for the maintenance of a family supported wholly or partly by his labor. Jesse Johnson, a defendant, was debtor, according to plaintiff's petition, and while he made no specific personal claim to the exemptions allowed under the provisions of sections 741 and 1045, C. O. S., supra, yet we think the record and testimony show his earnings to be exempt, and a claim made thereto by a dependent. The uncontradicted evidence shows he was a member of the Payne family; that his, Johnson's earnings, together with that

from the truck operated by him, were the only income the family had; that such earnings were necessary for the support of the family.

It will be observed that the statutes do not specifically provide that the debtor must be the head of a famliy. If the debtor is the member of a family, and under some legal or moral obligation to support such family, then we think that sufficient to entitle him to the exemption. In the early case of Rolator v. King, 13 Okla. 37, 73 Pac. 291, it was held that a son who resided with his widowed mother and two sisters, who were dependent upon him for their support, was entitled under the exemption statute to hold exempt from garnishment his current wages, and in the body of the opinion, after quoting definitions of a "family" from several decisions, said:

"In the case at bar, even if we concede that under our statute, strictly speaking, there is no legal obligation resting upon the defendant to support his invalid mother and dependent sisters, yet we think there is a strong moral obligation founded upon natural justice to support and maintain them, and that it satisfies the requirements of our exemption laws."

In the case of Carl v. Bamberger, 53 Okla. 777, 158 Pac. 599, the court quoted with approval from 2 Words & Phrases (2nd Series) 462, as follows:

"To constitute one or more persons, with another, living together in the same house, a family, it must appear that they are being supported by that other in whole or in part, and are dependent on him therefor, and, further, that he is under a natural or moral obligation to render such support."

See, also, Union Trust Co. v. Cox, 55 Okla. 68, 155 Pac. 206.

It was held in the case of Zimmerman v. Frank (Kan.) 9 Pac. 747, a case relating to exemption of personal earnings, that it was not necessary for the debtor to be the head of the family to entitle him to the exemption, but that it was necessary that he should be a part of the family.

The failure of the defendant debtor, Johnson, to personally file and claim the exemption did not necessarily prevent other members of the family from claiming the exemption, if the earnings were exempt. The testimony of the debtor clearly showed his desire to have the exemption allowed. In the case of Binion v. Lyle, 28 Okla. 430, 114 Pac. 618, it was held that exempt personal property attached for the debt of the

husband, the husband failing to do so, the wife may claim the same as exempt. See, also, Sale v. Shipp, 58 Okla. 598, 160 Pac. 502.

"The exemption laws * * * are to be liberally construed in favor of the exemption." Field v. Goat, 70 Okla. 113, 173 Pac. 364; State ex rel. Langford v. Collins, 70 Okla. 323, 174 Pac. 568; Pheland v. Lacy, 51 Okla. 393, 151 Pac. 1007.

The exemption statutes contain the provision "when it is made to appear, by the debtor's affidavit, **or otherwise**," from which it would appear that the exemption might be called to the attention of the court otherwise than by the debtor's affidavit.

The evidence discloses that the monies garnished were principally all earned during the month of August; the debtor, Johnson, testifying that he worked approximately 30 days per month, his reasonable wage would be $2.50 per day according to his testimony, which would make the total wages earned by the debtor, Johnson, and garnished to the amount and sum of $75. To that amount and sum the garnishment should have been discharged, and the balance of the monies not being exempt should not have been discharged, provided, of course, that judgment be rendered in the main cause on the account sued upon.

"Where a debtor's income is derived from a business involving other elements of gain than his personal services, he is entitled to an exemption in as much thereof as is necessary to compensate him for his personal labor, provided it can be ascertained. But if the amount due the debtor on account of personal labor cannot be distinguished from the rest, no part of such income will be exempt as 'personal earnings' under the statute." 25 C. J. 69.

While the claim of the defendant Payne and the finding of the court thereon were somewhat novel and irregular, yet, taking the record as a whole, the judgment of the court, in so far as it dissolved the garnishment as applied to the personal wages and earnings of the defendant Johnson, was correct. There is no dispute as to the facts.

It was said in the case of Barnett v. Love, 118 Okla. 31, 248 Pac. 645.

"Where the conclusions of law, announced by the trial court as applied to the facts found, are in part correct and in part incorrect, and the decree thereafter rendered is in conformity to the incorrect conclusion of law, such decree will be modified."

See, also, McKernon v. Josey Oil Co., 106 Okla. 100, 233 Pac. 451.

For the reasons herein stated, the judgment of the trial court discharging the garnishment in so far as it applies to the earnings and wages of the defendant Johnson to the sum and amount of $75, the same is affirmed, and the judgment discharging the garnishment as to the balance and remainder of the monies in the hands of the garnishees is reversed, and the cause remanded to the trial court to proceed in accordance herewith.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 25 C. J. p. 68, §106. (2) 25 C. J. p. 22, §27; p. 131, §232. (3) 4 C. J. p. 1150, §3157.