## RILEY v. RILEY.

No. 28500.    Feb. 28, 1939.

Rehearing Denied March 21, 1939.

Luther P. Lane, for plaintiff in error.

Harry Seaton, for defendant in error.

BAYLESS, C. J. In an action instituted in the court below Ina Elizabeth Riley was granted a divorce from J. P. Riley and awarded permanent alimony in the total amount of $1,000, payable in installments at the rate of $25 per month. Said judgment became final; and thereafter Mrs. Riley, with a view to collecting delinquent

installments of her alimony award, caused a garnishment summons to be issued in the case and served upon Mr. Riley's employer, Railway Express Agency, Inc. In due time the express agency, by way of compliance with said summons, answered to the effect that Mr. Riley was then one of its regular employees, receiving salary at the rate of $142.64 per month, payable on the 3d and 18th days of each month. In resistance to this latter action Mr. Riley claimed his salary to be exempt from the garnishment. And in that connection he introduced at the trial proof tending to establish the following as facts: That he was then, and had been for many years prior, a resident of the state of Oklahoma; that the money garnished in the hands of his employer constituted earnings for personal services, earned within the 90 days next preceding issuance of the garnishment summons; that he was then, and likewise was at the time said summons was issued and served, the head of a family residing in the state, which family was composed of himself, his aged mother, three mentally afflicted adult brothers, and the two minor children of one of said brothers; that said family was then being supported wholly by his labor, and that the earnings aforementioned were necessary for the maintenance of said family.

The trial judge rendered a judgment adverse to Mr. Riley, and which (a) denied Mr. Riley's asserted exemption claim, and (b) required that "the defendant pay into the court the sum of $20 per month for the use and benefit of said plaintiff, said sum to be paid in two equal installments of $10, payable on the 6th and 21st of each and every month, beginning on the 6th day of October, 1937. * * *" And from the judgment Mr. Riley has appealed.

The proof made in the trial court was ample and sufficient to establish the status of J. P. Riley as being that of the "head" of a family residing in the state. Rolater v. King, 13 Okla. 37, 73 P. 291; Carle v. Bamberger, 53 Okla. 777, 158 P. 599. See, also, Wineblood v. Payne, 129 Okla. 103, 263 P. 669. And also to establish that the salary garnished constituted Mr. Riley's earnings for personal services, earned within 90 days next preceding the issuance and service of the garnishment summons. And it does not appear that Mrs. Riley, the defendant in error, makes any contentions to the contrary. In fact, she, in effect, recognizes and concedes in her brief herein that upon the proof made on these two matters, and by virtue of the provisions of section 1642, O. S. 1931 (31 Okla. St. Ann. sec. 1), Mr.

Riley was entitled to have reserved to him as the head of a family and exempt from the garnishment 75 per cent. of the money which had been garnished in the hands of his employer. By section 1642, supra, there is reserved to the head of every family residing in this state, exempt from attachment or execution and every other species of forced sale for the payment of debts, 75 per cent. of all current wages or earnings for personal or professional services earned during the last 90 days. Oil Well Supply Co. v. Galbreath, 175 Okla. 305, 52 P.2d 780. She does contend, however, that of Mr. Riley's current wages garnished in the hands of his employer at least 25 per cent. thereof could be, under proper circumstances, subjected to payment of her alimony award. And in this connection she cites section 499, Okla. Stats. 1931 (12 Okla. St. Ann. sec. 851), which provides:

"The earnings of a debtor, who is a resident of this state, for his personal services at any time within three months next preceding the issuing of an execution, attachment or garnishment process, cannot be applied to the payment of his debts when it is made to appear by the debtor's affidavit or otherwise that such earnings are necessary for the maintenance of a family supported wholly or partly by his labor: Provided, that at the time of filing such affidavit the debtor shall notify the plaintiff or his agent or attorneys thereof in writing: Provided, further, that nothing herein contained shall prevent the adverse party from controverting the matters sought to be proven by such affidavit by counter affidavit, or if sought to be proven in any other manner the same may be controverted by any competent evidence. * * *"

Inasmuch as section 1642, supra (31 Okla. St. Ann. sec. 1), operated herein to reserve to Mr. Riley as the head of a family only 75 per cent. of his salary garnished in the hands of his employer, it would appear, in view of the provisions of section 499, supra (12 Okla. St. Ann. sec. 851), that the remainder of such salary would be subject under the garnishment proceedings to be applied towards payment of the alimony award, unless Mr. Riley was able to successfully establish in the contest thereover that such remainder was "necessary for the maintenance of a family supported wholly or partly by his labor." Norton Motor Sales Co. v. Johnson, 110 Okla. 174, 237 P. 128.

It is clear from the judgment which the trial court rendered that same had the effect of reserving to Mr. Riley, due to his established status as head of a family, 75 per cent. of the salary garnished in the hands of his employer, and of denying his

claim only as to the remainder. The effort on the part of Mr. Riley to free his salary from the garnishment on the ground that the money garnished was necessary for the maintenance of his family presented purely a fact question. And hence, with regard to the action of the trial court in denying the claim for said remainder, it will suffice to say that applications to dissolve garnishments address themselves to the trial court alone, and this court will not undertake to weigh the evidence presented when `there is testimony reasonably supporting the finding as made by the trial court. Williams v. Farmers' Gin & Grain Co., 13 Okla. 5, 73 P. 269; Mott v. Zimmerman, 100 Okla. 299, 229 P. 227; Antrim Lumber Co. v. Hazel, 118 Okla. 71, 246 P. 476; State ex rel. Mothersead, Bank Com'r, v. Carson, 131 Okla. 289, 269 P. 292. The record as it comes to this court reflects that the evidence before the trial court reasonably tended to support the finding and judgment of that court denying Mr. Riley's claim for the aforementioned remainder of the money garnished in the hands of his employer.

With regard to that portion of the judgment which requires of Mr. Riley that he pay into court, "for the use and benefit" of Mrs. Riley, monthly payments at the rate of $20 per month, "beginning on the 6th day of October, 1937", we conclude that said requirement was in excess of and beyond the trial court's jurisdiction in the premises. Said requirement, considered in connection with that part of the judgment which adjudged a denial of the exemption claim, is indicative of the intent and purpose on the part of the trial court to subject not only a portion of Mr. Riley's earned salary which was then garnished in the hands of his employer to payment of the alimony award, but to also subject a portion, not in excess of 25 per cent., of such salary as Mr. Riley might earn during future months while in the employ of the express agency. Garnishment proceedings are purely statutory remedies. And in Helms v. State ex rel. Mifflin, 137 Okla. 55, 280 P. 416, it was pointed out that garnishment proceedings bind only such property, moneys, and credits, not exempt by law from execution, as belong to the defendant, and in the possession of the garnishee, or owed by him at the time of the service of the process upon the garnishee. And in that connection it was said:

"* * * The statutes nowhere provide that a garnishee may become liable for something which has its origin in transactions subsequent to the service of the writ of garnishment. The sections authorizing the use of the writ indicate that the liability of the garnishee must be determined as of the date of the service of the process. * * * If the service of the writ did not affix a lien at the date of its service, no lien could attach by reason of the subsequent acts of the garnishee, nor by reason of his having subsequently become indebted to the defendant. The statutes provide for successive garnishments. If a writ once served would reach all property and debts thereafter coming into existence prior to trial, there would be no use for successive garnishment. By a delay of the trial, every garnishable debt arising over a course of years could be reached. This would result in unreasonable vexation, which the law does not tolerate. We conclude that only such funds as were owing absolutely and beyond contingency, whether presently due or not, at the time the garnishment summons was served, could be lawfully impounded. * * *"

See, also, Ray v. Paramore, 170 Okla. 495, 41 P.2d 73.

We are of the opinion, therefore, that the judgment which the trial court rendered in this garnishment proceeding should be set aside, vacated, and held for naught, in so far as said judgment operates or has the effect to require of Mr. Riley that "beginning on the 6th day of October, 1937", he pay into the court "for the use and benefit" of Mrs. Riley, the sum of $20 per month: but that, in all other respects, said judgment should be affirmed. And it is so ordered and adjudged, and the cause is hereby remanded to the trial court, with direction to proceed accordingly.

Affirmed in part; reversed in part and remanded, with direction.

RILEY, CORN, HURST, and DANNER, JJ., concur.