104 So.2d 23 (1958)
Khadourie CHAACHOU and/or d/b/a K. Chaachou Foundation, a Florida corporation, Appellants,
v.
John KULHANJIAN, individually and as a stockholder of Armenian Hotel Owners, Inc., suing on behalf of said corporation, Appellees.
Supreme Court of Florida.
June 25, 1958.
Rehearing Denied July 14, 1958.
*24 L.J. Cushman, Miami, for appellants.
Ginsberg, Steinberg & Pollack, Miami, for appellee.
ROBERTS, Justice.
By a writ of garnishment served on the appellant-garnishee on January 29, 1957, the appellee, a judgment creditor of one Terzian, required the appellant to answer under oath as to whether he was indebted to Terzian at the time of the service of the writ or at the time of his answer "or at any time between such periods, and in what sum or sums * * *" The appellant's sworn answer, filed in the cause on February 6, 1957, insofar as here pertinent reads as follows:
"That he is not now or at the time of this answer, nor at the time of the service of the writ, or at any time between such periods, been indebted to Diran Terzian, the defendant in this cause, but states, however, that such defendant is employed on a weekly salary of $100 per week, payable each Monday, * * *"
No traverse of this answer was filed by the appellee. On March 5, 1957, the appellee took the deposition of the appellant, which disclosed that Terzian had been employed by appellant before and during the pendency of the garnishment proceedings and was still employed by him, and that he had not withheld any portion of Terzian's salary under advice of counsel that the wages of the head of a family were not subject to garnishment in this state.
Upon the basis of the pleadings, the appellant's deposition and the appellee's affidavit that Terzian was a resident of the State of New York, the appellee moved for a summary judgment and/or judgment on the pleadings. The trial judge, by order dated April 8, 1957, granted the motion and entered judgment against the appellant in the amount of $1,000, representing salary paid by the appellant to Terzian from January 29, 1957, to the date of the order. It is this order that we review on appeal.
It is first contended on behalf of appellant that the failure of the appellee to traverse his answer denying any indebtedness to Terzian required that he be discharged from liability as garnishee under the writ, under the provisions of 31 F.S.A. Rule 2.12, Fla.Rules Civ.Proc. This contention cannot be sustained. Rule 2.12 provides that "Upon failure of the plaintiff to file such traverse such answer shall be taken as true and upon proper disposition of the assets, if any disclosed thereby, the garnishee shall be entitled as of course to an order discharging him from further liability under the writ." Obviously, despite the denial of any indebtedness to Terzian, the answer disclosed that the appellant had or should have had some "assets" of Terzian in his hands in the form of Terzian's earnings, a "proper disposition" of which was required to be made prior to any order discharging him from liability.
We agree with the appellant, however, as to his second contention relating to the propriety of the trial judge's order holding him accountable as garnishee for the salary paid to Terzian subsequent to February 6, 1957, the date he filed his answer in the cause.
By the terms of our statute, § 77.06, Fla. Stat. 1957, F.S.A., the garnishee is answerable "for all indebtedness due by him to the defendant * * * at the time of the service of the writ or at any time between such service and the time of his answer." It is held by this court, as in most jurisdictions, that garnishment does not lie where the amount of indebtedness owing to the defendant is contingent or uncertain. 3 Fla.Jur., Attachment and Garnishment, § 50, p. 232. "If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an `indebtedness *25 due' as contemplated by the statute to which a writ of garnishment can apply." West Florida Grocery Co. v. Teutonia Fire Ins. Co., 1918, 74 Fla. 220, 77 So. 209, 211, L.R.A. 1918B, 968. Since future earnings are contingent and dependent upon future performance of the employment contract, they cannot be said to be an "indebtedness due" by the garnishee-employer to his employee, under this rule.
No case has been cited, and independent research has revealed none, in which it was held that future earnings, absent a statute specifically so providing, are subject to garnishment. Under statutes such as ours, where the date of the filing of the answer fixes the limit of the liability of the garnishee, see Fulton v. Gesterding, 1904, 47 Fla. 150, 36 So. 56, it is held that the garnishee-employer is answerable for any earnings of the defendant that were accrued and unpaid at the time the writ was served and thereafter earned by the defendant, up to the date of the filing of the garnishee's answer, but not beyond that date. See Thomas v. Gibbons, 61 Iowa 50, 14 N.W. 593; Stevenson v. Standard Adding Mach. Co., 1910, 150 Mo. App. 555, 131 S.W. 162; Ferneau v. Armour & Co., Mo. App. 1957, 303 S.W.2d 161; United States v. Newhard, D.C.Pa. 1955, 128 F. Supp. 805. Cf. Riley v. Riley, 1939, 184 Okla. 473, 88 P.2d 358, and Bendix Radio Corp. v. Hoy, 1955, 207 Md. 225, 114 A.2d 45.
This rule is in accordance with the terms of our garnishment statute and the previous decisions of this court construing it in other contexts. We hold, then, following the apparently universal holding in other jurisdictions, that the trial judge erred in finding that the appellant was accountable, as garnishee, to the appellee for any portion of Terzian's salary earned from and after February 6, 1957, the date of the filing of appellant's answer in the garnishment proceedings. A fortiori, it was error to require the appellant to withhold "any future monies that may be due and payable to the Defendant Diran Terzian, pending further order of this Court."
Accordingly, the judgment here reviewed is affirmed in part and reversed in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.